*Court of Common Pleas, Dauphin County, December 19th, 1867.*

THE COMMONWEALTH OF PENNSYLVANIA *v.* THE COLUMBIA
OIL COMPANY.

A corporation was chartered prior to the act of 30th April, 1864, and exempted
from paying any tax on its dividends on condition of paying a bonus into
the State treasury; after its passage the company was authorized to increase
its capital stock. Held, that it was liable to a tax under the act of 30th
April, 1864, upon the amount of the net earnings of its increased, but not
of its original capital.

BY THE COURT.—The Columbia Oil Company was incor-
porated by the act of May 1st, 1861, with a capital stock of
$200,000. It was required to pay into the State treasury a bonus
of two and a half per cent. on its capital thus created in lieu of
any and all taxes on dividends. The quantity of land authorized
to be held was limited to five hundred acres. By a supplement
to its charter law, passed 4th June, 1864, the capital stock was
increased to $2,500,000, and the .quantity of land to be held
fixed at one thousand acres. The increased capital was subject to
a bonus of one-half of one per cent. to be paid in four equal in-
stalments. The act of 30th April, 1864, requires all corpora-
tions of a certain description, including this company, to make
an annual report of their net earnings or income, and pay a tax
thereon into the State treasury of three per cent. in addition to
the taxes then imposed by law. This includes all companies not
paying a tax on their dividends; which this did not, as all taxes
of that character were abolished by the act of 12th April, 1859,
and in lieu thereof one was imposed on the capital stock alone,
to be measured by the amount of dividends, where any were
made. Prior to that time very many companies within the State
were required to pay a tax both on dividends and capital stock,
to be computed in the same way. Subsequent to the act of 1859
it is believed that no corporation paid a tax both on dividends
and capital stock, excepting banks, saving institutions, etc. When
this oil company was created, it is quite probable that the person
who drew the law, and the legislature which enacted it, did not
advert to the fact that the tax on dividends was abolished as to
this kind of corporation, else the commutation provided for would
probably have been in lieu of the tax on capital stock; but cer-
tain it is that it was exonerated from a tax on dividends as to the
then authorized capital. Strictly construed the act of 1864 im-
posed a tax on this company, as it paid no tax on its dividends,
but a commutation therefor as to its capital stock of $200,000;
but it would be bad faith in the State to exact it; would be
keeping the promise to the ear, but breaking it to the hope; and
the State officers have never required it to be paid. The in-

creased capital of $2,300,000, authorized by the act of 4th June, 1864, stands in a different situation.    There was no commutation of its tax on those dividends.    The company was subject to none. The bonus of one-half of one per cent. imposed on the increased capital is the usual one exacted from all corporations of this character, and notwithstanding this they are all required to pay a tax on their capital stock under the acts of 1844 and 1859.    We have no doubt that this company is subject to a tax on its increased capital, both as to its capital stock and its *net earnings.* The tax has never been exonerated or commuted in any way, as was the case as to dividends on the first $200,000.    No construction of the law, either strict or equitable, can be tortured into a relief of this corporation from the common burden as to the $2,300,000 of its capital.    The same ground is assumed in regard to this, as is advanced in relation to many other corporations, that they do pay a tax on their dividends, because the tax on capital stock is measured in proportion to their dividends ; but we must declare here as in the other cases that the whole history of our taxation since 1844 shows that the legislature always treated them as distinct taxes; both being imposed on some, others being subject to the one only.    This, as already said, is abolished by the act of 1859 as to all but banks of various kinds, and their net earnings do not come within the act of 1864.    The department has correctly charged this company with a tax on its capital stock for the year 1866 on $2,300,000, of seven mills on the dividends of fourteen per cent. for the year 1866, amounting to $16,000.    This must bear interest from June 7th, 1867, amounting in all to $16,-609.83.    Also with a tax on net earnings of $9289.73, amounting with interest after three months from the date of settlement to $9707.76, for each of which sums the jury will render their several verdicts in the two cases.

AFFIRMED BY THE SUPREME COURT, July 7th, 1868.    Not reported.

*Meredith, for plaintiff.*

*Lamberton, for defendant.*